UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS-ALAN FRIEND,

Plaintiff,

v.

FRYBERGER, BUCHANAN, SMITH & FREDERICK, P.A. ET AL.; SHAWN M. DUNLEVY; MATTHEW HENRY HANKA; DAVID LOVASS; JOHN DOE 1 THROUGH 99; and MARY ROE 1 THROUGH 99,

Defendants.

Case No. 11-CV-1584 (PJS/LIB)

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Thomas-Alan Friend, plaintiff pro se.

Stephanie A. Ball, FRYBERGER BUCHANAN SMITH & FREDERICK, P.A., for defendants Fryberger, Buchanan, Smith & Frederick, P.A., Shawn M. Dunlevy, and Matthew Henry Hanka.

Thomas G. Stanley, SAINT LOUIS COUNTY ATTORNEY'S OFFICE, for defendant David Lovaas.

This matter is before the Court on plaintiff Thomas-Alan Friend's objection to Magistrate Judge Leo I. Brisbois's November 7, 2011 Report and Recommendation ("R&R") [Docket No. 28]. Judge Brisbois recommends that all of Friend's claims be dismissed for failure to state a claim.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court agrees with most of Judge Brisbois's analysis and recommendations. But the Court's disposition of Friend's claim under the Fair Debt Collection Practices Act differs from the disposition recommended by Judge Brisbois. Accordingly, the Court adopts the R&R

to the extent that it is consistent with this order. The Court writes separately to explain how its analysis differs from that of the R&R.

## I. DISCUSSION

### *A. Background*

This case arises out of allegedly unlawful debt-collection practices, and an allegedly illegal foreclosure of Friend's property, by defendant law firm Fryberger, Buchanan, Smith & Frederick, P.A., and defendant attorneys Shawn M. Dunlevy and Matthew H. Hanka (collectively "FBSF"). Friend alleges that FBSF was acting on behalf of Northern State Bank of Virginia ("NSB"), which is not a party to this lawsuit. On June 15, 2011, Friend sued FBSF and David Lovaas, a deputy employed by the Saint Louis County Sheriff's Office.[1] *See* Compl. [Docket No. 1].

Friend grouped his claims into four counts. Count I asserted a claim under § 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a). Compl. at ¶¶ 10-15. Count II asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"). Compl. at ¶¶ 16-17. Count III asserted a claim under 18 U.S.C. § 474, a criminal statute relating to the counterfeiting of obligations and securities of the United States. Compl. at ¶ 18. And finally, Count IV asserted claims under various federal consumer-protection statutes, including the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA").

---

[1]Friend misspelled Lovaas's name in the complaint. The Court therefore orders the Clerk to change the defendant's name from Lovass to Lovaas on the docket of this case.

FBSF moved to dismiss Friend's complaint for failure to state a claim on July 5, 2011. *See* Docket No. 4. Approximately two weeks later, on July 21, Friend filed an amended complaint against FBSF and Lovaas, as Friend had the right to do under Fed. R. Civ. P. 15(a)(1)(B).[2] *See* Docket No. 10. The amended complaint is virtually identical to the original with three exceptions. First, Friend groups his claims under the FCRA, TILA, and RESPA with his claim under 18 U.S.C. § 474, under the sub-heading "Count III." *See* Am. Compl. at ¶¶ 18-19. Second, under the sub-heading "Count IV," Friend alleges that he sent NSB a "Qualified Written Request," which NSB received on June 10, 2011 — five days before Friend filed his original complaint. Am. Compl. at ¶ 27. Third, under the sub-heading "Count V," Friend alleges that he sent a debt-validation letter to FBSF, and that FBSF received the letter on June 22, 2011 — seven days after Friend filed his original complaint. Am. Compl. at ¶ 28. Although paragraphs 27 and 28 of the amended complaint are labeled as "counts," they are merely additional factual allegations. Friend's amended complaint does not raise any new claims.

On August 11, 2011, Lovaas moved to dismiss Friend's amended complaint. *See* Docket No. 11. Curiously, however, FBSF did not move to dismiss the amended complaint; rather it apparently stood on its motion to dismiss the original complaint — a complaint that was no longer operative. Moreover, Judge Brisbois's R&R is directed only at Friend's (inoperative) original complaint and says nothing about his (operative) amended complaint.

The Court nevertheless concludes that Judge Brisbois's analysis and recommendations are applicable to the amended complaint for two reasons. First, Friend did not object to the R&R

---

[2]Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a plaintiff to amend his complaint "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ."

on the grounds that Judge Brisbois failed to consider his amended complaint. And second, as noted, Friend's amended complaint does not raise any new claims so that, for the most part, Judge Brisbois's analysis applies equally to the amended complaint. The Court therefore treats FBSF's motion as a motion to dismiss Friend's amended complaint, and adopts, where appropriate, Judge Brisbois's analysis.

Of course, the Court assumes, as it must in ruling on a Rule 12(b)(6) motion, that all of Friend's factual allegations are true. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The Court first addresses Friend's specific objections to the R&R and then turns to the two motions to dismiss.

*B. Friend's Objections to the R&R*

Friend objects to the R&R on two grounds:

*First*, Friend argues that the case was not properly referred to Judge Brisbois. Friend appears to believe that because he did not consent to jurisdiction under 28 U.S.C. § 636(c), Judge Brisbois lacked jurisdiction to issue the R&R. *See* Pl. Obj. to R&R ("Pl. Obj.") at 2-3 [Docket No. 29].

Friend is confused about the law. This Court referred all dispositive and non-dispositive motions to Judge Brisbois pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 2. Under that section, a district court may refer motions — including motions to dismiss — to magistrate judges without the parties' consent. *See Nnaji v. United States,* 370 F. App'x. 750, 751 (8th Cir. 2010) (unpublished) ("[Plaintiff's] consent was not required for the magistrate judge to conduct proceedings under 28 U.S.C. § 636(b)(1)(B) . . . ."). A magistrate judge cannot *dispose* of a dispositive motion without the consent of the parties, but the parties need not consent before a

magistrate judge is asked to make a *recommendation* about the disposition of a dispositive motion. Thus, Judge Brisbois had jurisdiction to issue the R&R. Friend's objection on this ground is overruled.[3]

*Second*, citing 28 U.S.C. § 144, Friend argues that Judge Brisbois is biased. This objection is frivolous.

As an initial matter, Friend's 97-paragraph affidavit of bias is untimely. Section 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein . . . .
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than *ten days before* the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time . . . .

28 U.S.C. § 144 (emphasis added). The party seeking to disqualify a judge must strictly comply with the statutory requirements. *See In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005) ("The affidavit must be filed within certain time limits."); *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970) (noting that strict compliance is required).

In this case, Friend did not file his affidavit until *after* Judge Brisbois issued the R&R. Obviously, then, Friend failed to comply with the requirement that the affidavit of bias be filed at

---

[3]This objection also fails because Friend did not raise this issue before Judge Brisbois. *See Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.") (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004)).

least ten days *before* the matter is to be heard. Friend has also failed to show good cause for why he did not make a timely filing. *See Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) ("The burden is on the affiant to show good cause for failing to file a timely motion."). Accordingly, Friend's objection fails on procedural grounds.

Even if Friend's objection were properly before the Court, the objection would nonetheless be overruled. Friend essentially argues that Judge Brisbois is biased because he disagreed with Friend. *See, e.g.*, Pl. Obj. at 7 ("Magistrate Judge Leo I. Brisbois is bias [sic] for not stating that Thomas George Stanley [sic] answers for Plaintiff's Complaint dated June 15, 2011 were frivolous."); at 8 ("Magistrate Judge Leo I. Brisbois is bias [sic] for not stating that Stephanie A. Ball [sic] answers within her Motion to Dismiss were frivolous."). But, as the Supreme Court held in *Liteky v. United States*, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. 540, 555 (1994). The Supreme Court emphasized that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Friend's affidavit does not allege any facts that suggest that Judge Brisbois acted with "deep-seated favoritism" toward FBSF and Lovaas, or with "deep-seated . . . antagonism" toward Friend. *Id.*; *see also Anderson*, 433 F.2d at 860 (explaining that an affidavit must "allege specific facts and not mere conclusions or generalities") (internal quotations omitted). The Court's own review of the record in this case — including its review of the audio recording of the hearing held before Judge Brisbois on October 20, 2011 — discloses absolutely no

favoritism or antagonism on Judge Brisbois's part toward any party. The Court overrules Friend's objection.[4]

*C. FBSF's Motion to Dismiss*

Having disposed of Friend's specific objections to the R&R, the Court now analyzes FBSF's motion to dismiss, as applied to Friend's amended complaint.

1. FTCA Claim

Judge Brisbois recommends that Friend's claim under § 5(a) of the FTCA, 15 U.S.C. § 45(a), be dismissed with prejudice because the statute does not provide for a private right of action.[5] Judge Brisbois is correct that only the FTC, and not private litigants such as Friend, may enforce the FTCA. *See* R&R at 5 (citing *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973)). Friend's FTCA claim is therefore dismissed with prejudice.

2. FDCPA Claim

Judge Brisbois recommends that Friend's FDCPA claim be dismissed with prejudice for two reasons. First, Judge Brisbois found that Friend has not adequately alleged that FBSF is a debt collector. R&R at 6. Second, Judge Brisbois found that Friend's claim is based on the enforcement of a security interest — i.e., the non-judicial foreclosure of his property — and that

---

[4]In his objection to the R&R, Friend also purports to bring a host of criminal charges against Judge Brisbois for, among other things: perjury; fraud; misprision of felony; treason; rebellion and insurrection; conspiracy; and money laundering. *See* Pl. Obj. at 15-28. Friend is not a prosecutor, this is not a criminal action, and these "charges" are completely frivolous.

[5]Section 5(a) prohibits, among other things, "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1).

the enforcement of a security interest is not a debt-collection activity covered by the FDCPA. R&R at 7. The Court respectfully disagrees with Judge Brisbois's findings.

First, the FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the seventh paragraph of Friend's amended complaint, he alleges that "FBSF is a 'debt collector' as defined in . . . 15 U.S.C. § 1692a(6)," and in the ninth paragraph of his amended complaint, Friend further alleges that "FBSF regularly attempts to collect debts by contacting the Plaintiff by mail." Am. Compl. at ¶¶ 7, 9. Friend's amended complaint thus sufficiently alleges that FBSF is a debt collector.

It is well established that lawyers and law firms may, and often do, operate as debt collectors within the meaning of the FDCPA. *See, e.g.*, *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) ("[The FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity . . . ."). The amended complaint clearly alleges that FBSF is a debt collector for purposes of the FDCPA, and the amended complaint describes the factual basis for that legal conclusion (i.e., that FBSF has regularly attempted to collect a debt by sending letters to Friend). Friend's allegations may prove to be *incorrect*, but that goes to the merits of Friend's claim, and not to the adequacy of his pleading. The Court therefore finds that Friend has adequately *alleged* that FBSF is a debt collector for purposes of the FDCPA.

Second, FBSF argued before Judge Brisbois that, even if it were a debt collector, Friend fails to state a claim because a party who enforces security interests — including by

commencing property foreclosures — is subject only to 15 U.S.C. § 1692f(6) and not to any other section of the FDCPA. *See* FBSF Mot. to Dismiss Mem. ("FBSF Mem.") at 11. Section 1692f(6)(A) prohibits, among other things, "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." According to FBSF, because Friend has not alleged a violation of § 1692f(6), his FDCPA claim must be dismissed. *See* FBSF Mem. at 12-13.

FBSF's argument that it can be held liable only under § 1692f(6) — and not under any other section of the FDCPA — is premised on an untenable interpretation of the statutory definition of "debt collector." Section 1692a(6) provides that, "[f]or the purpose of section 1692f(6) of this title, [the term "debt collector"] *also includes* any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added). FBSF argues that by defining "debt collector" for purposes of § 1692f(6) to include those enforcing security interests, § 1692a(6) necessarily implies that those enforcing security interests are *not* "debt collectors" for purposes of the rest of the FDCPA. *See* FBSF Mem. at 12 ("Thus, unless a violation of § 1692f(6) is alleged, a party that enforces a security interest . . . cannot be liable under the FDCPA.").

FBSF is incorrect. As noted above, § 1692a(6) begins by broadly defining the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another." It then provides that, for the purpose of § 1692f(6), the term "debt collector" includes *not only* all those defined as "debt collectors" by the first sentence of § 1692a(6), but *also* those who "use[] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." In no way does the statute suggest that when a person who is defined as a "debt collector" by the first sentence of § 1692a(6) begins enforcing security interests, that person is no longer a "debt collector" for purposes of any provision of the FDCPA except § 1692f(6). Such a reading of § 1692a(6) would obviously create a large hole in the FDCPA, as someone who regularly collects debts could simply make sure that he or she also enforces security interests and thereby escape the application of all of the FDCPA save § 1692f(6). Not surprisingly, then, courts have consistently rejected FBSF's argument. *See, e.g., Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) ("In other words, this provision . . . does not exclude those who enforce security interests but who also fall under the general definition of 'debt collector.'"); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) ("We therefore hold that a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."). Because Friend has adequately alleged that, by regularly attempting to collect debt, FBSF falls within the general definition of "debt collector," Friend has also adequately alleged that FBSF is required to comply with all of the FDCPA's requirements.

Of course, not every communication from a debt collector is subject to the FDCPA. FBSF seemed to argue before Judge Brisbois that, because its communications with Friend were limited to the foreclosure action, its communications were not "in connection with the collection

of any debt," and therefore cannot give rise to liability under the FDCPA. *See* FBSF Mem. at 11. There is a split of authority concerning whether foreclosure-related communications constitute debt-collection activities within the meaning of the FDCPA. *Compare Wilson*, 443 F.3d at 376 (foreclosure-related communications are debt-collection activities) *and Piper v. Portnoff Law Assocs., Ltd*, 396 F.3d 227, 233-36 (3d Cir. 2005) (lien enforcement is debt collection) *with Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (foreclosing on a trust deed is not debt collection) *and Gray v. Four Oak Court Ass'n Inc.*, 580 F. Supp. 2d 883, 887-88 (D. Minn. 2008) (lien-foreclosure activities do not constitute debt collection).

The Court need not, however, decide this question at this time. As noted, Friend alleges in his amended complaint that FBSF contacted him on multiple occasions to *collect debt*. *See* Am. Compl. at ¶ 9(a). Of course, FBSF may dispute Friend's characterization of its communications, but, at this stage of litigation, the Court must accept as true a complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

Moreover, it is undisputed that, *even if* FBSF's communications with Friend were limited to the foreclosure action, and *even if* the Court were to hold that foreclosure-related communications are not debt-collection activities, FBSF could nonetheless be liable for foreclosure-related abuses under § 1692f(6). *See* FBSF Mem. at 12 (acknowledging that a party foreclosing on a mortgage must comply with § 1692f(6)); *see also Minnifield v. Johnson & Freeman, LLC*, No. 11-10347, 2011 WL 5119543, at *1 (11th Cir. Oct. 28, 2011) (per curiam) (finding that persons who initiate foreclosure actions may be liable under § 1692f(6)(A)). That

Friend, a pro se plaintiff, did not specifically cite § 1692f(6) does not necessarily mean that he failed to state a claim under that section. *Cf. Petty v. Card*, 195 F.3d 399, 401 (8th Cir. 1999) ("A pro se . . . petitioner is not required to identify specific legal theories . . . in order to be entitled to relief.") (quotations omitted).

Accordingly, the Court declines to dismiss Friend's FDCPA claim for either of the two reasons provided in the R&R. But the Court will nevertheless dismiss Friend's FDCPA claim without prejudice because Friend's amended complaint does not sufficiently plead facts that, if true, would establish that FBSF violated the FDCPA. *See* FBSF Mem. at 5.

As an initial matter, Friend's naked assertion that FBSF "threatened to take action that could not be lawfully taken or were [sic] not intended to be taken" merely parrots back to the Court the conduct that is prohibited under 15 U.S.C. § 1692e(5). *See* Am. Compl. at ¶ 16. Friend has not alleged what specific actions FBSF threatened to take, much less facts that permit an inference that those threatened actions were unlawful.

Friend's most specific FDCPA-related allegation is in paragraph 9(a) of the amended complaint, which states as follows:

> In numerous instances when FBSF contacted Plaintiff to collect a debt, the Plaintiff told FBS [sic] that the Plaintiff did not owe the debt that FBSF was attempting to collect. Nonetheless, in numerous of these instances, FBSF continued to mail in an attempt to collect the debt, without taking adequate steps to determine whether its information about the debtor and the debt was accurate.

Am. Compl. at ¶ 9(a). Without citing the specific statute, Friend comes close to alleging a violation of the FDCPA's diligence requirement for debt collectors. *See* 15 U.S.C. § 1692g.

Section 1692g(a) requires a debt collector to notify a debtor of his right to dispute the debt within five days of the debt collector's initial communication with the debtor. If the debtor

disputes the debt in writing within 30 days of receiving such notice, the debt collector must cease collection activities until after the debt collector verifies the debt with the original creditor. *See* 15 U.S.C. § 1692g(b).

Friend has not alleged that FBSF failed to notify him of his right to dispute the debt. Nor has Friend alleged that FBSF continued debt-collection activities against him after he disputed the debt in writing. Friend alleges that FBSF failed to respond to his debt-validation letter, which FBSF received on June 22, 2011. Am. Compl. at ¶ 28. But obviously that letter, which was received seven days *after* Friend first filed suit, cannot form the basis of Friend's initial FDCPA claim. That letter also cannot form the basis of a new FDCPA claim because Friend has not alleged that FBSF continued trying to collect a debt from him after it received the letter on June 22.

Accordingly, Friend has not alleged facts that, if true, state a claim under the FDCPA. The Court therefore dismisses Friend's FDCPA claim without prejudice.

3. Claim under 18 U.S.C. § 474

Friend's claim under 18 U.S.C. § 474 — a criminal statute prohibiting the counterfeiting of "any obligation or other security of the United States" — is difficult to understand. It appears that Friend alleges that *FBSF* violated this statute because *NSB's* president, Kurt Sundquist, gave Friend "counterfeit" copies of his loan documents. *See* Am. Compl. at ¶ 18. Neither NSB nor Sundquist are parties to this lawsuit.

Judge Brisbois recommends that this claim be dismissed with prejudice for two reasons. First, the allegedly counterfeit loan documents are not obligations or securities of the United States. R&R at 8. And second, 18 U.S.C. § 474 is a criminal statute and does not provide a civil

cause of action. R&R at 8; *see also United States ex rel. Burnette v. Driving Hawk*, 587 F.2d 23, 24 (8th Cir. 1978) ("[I]f a statute contemplates recovery only by a criminal proceeding, a civil remedy cannot be adopted."). The Court agrees with both of Judge Brisbois's reasons and therefore dismisses Friend's claim under 18 U.S.C. § 474 with prejudice.

4. Claims under the FCRA, TILA, and RESPA

Judge Brisbois recommends that Friend's claims under the FCRA, TILA, and RESPA be dismissed without prejudice for failure to allege sufficient facts to state a plausible claim under these statutes. The Court agrees that Friend has not alleged sufficient facts to state a plausible claim that FBSF violated either the FCRA or TILA and accordingly dismisses those claims without prejudice.

With respect to RESPA, Friend alleges that NSB failed to respond to his qualified written request, as required by 12 U.S.C. § 2605(e). Am. Compl. at ¶ 27. RESPA generally requires a servicer of a "federally related mortgage" to acknowledge receipt of a borrower's qualified written request for information about the loan within 20 days of receiving the request.[6] *See* 12 U.S.C. § 2605(e)(1)(A); *see also Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 783 (8th Cir. 2006) ("RESPA imposes a duty upon servicers to provide information in response to [qualified written requests].").

Friend alleges that "[NSB] is the servicer of Mortgage Loan Number 1014834 . . . ." Am. Compl. at ¶ 27. But Friend did not sue NSB; he sued FBSF. Friend has *not* alleged that

---

[6]The statute defines the term "qualified written request" as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicers, that: (i) includes . . . the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

FBSF is the servicer of his loan or that FBSF failed to respond to his qualified written request. Because Friend has not alleged any facts that, if true, state a claim under RESPA, the Court dismisses the claim without prejudice.

*D. Lovaas's Motion to Dismiss*

Judge Brisbois recommends that all of Friend's claims against Lovaas be dismissed. The Court agrees. Courts are to liberally construe pro se pleadings, but pro se complaints must nevertheless allege sufficient facts in support of their legal claims. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) ("Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."). Friend has not made a single factual allegation against Lovaas. In fact, Lovaas's name appears in the amended complaint only twice: once in the caption and once in paragraph 24, where Friend asks that judgment be entered against all of the defendants including Lovaas. The two dots are not connected.

For the reasons stated above, Friend cannot maintain claims against any defendant, including Lovaas, under either the FTCA or 18 U.S.C. § 474. Accordingly, Friend's claims against Lovaas under the FTCA and 18 U.S.C. § 474 are dismissed with prejudice. Lovaas's claims under the FDCPA, the FCRA, TILA, and RESPA are dismissed without prejudice, as Friend has failed to allege sufficient facts to give rise to a plausible claim under any of those statutes.[7]

---

[7]Lovaas argued before Judge Brisbois that Friend's complaint should be dismissed under Rule 12(b)(1) for failing to allege facts that support this Court's subject-matter jurisdiction. *See* Lovaas Mot. to Dismiss Mem. at 5 [Docket No. 13]. But Lovaas's argument was essentially the same as Lovaas's argument that Friend's complaint should be dismissed under Rule 12(b)(6) for (continued...)

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [Docket No. 28] is ADOPTED IN PART to the extent that it is consistent with this order.

2. Defendant FBSF's motion to dismiss [Docket No. 4], and defendant Lovaas's motion to dismiss [Docket No. 11], are GRANTED as follows:

   a. Plaintiff Friend's claims under the Federal Trade Commission Act and 18 U.S.C. § 474 are DISMISSED WITH PREJUDICE AND ON THE MERITS.

   b. Plaintiff Friend's claims under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff Friend's self-styled motions — "Supplemental Motion to Compel" [Docket No. 18], "Supplemental Motion to Supplement Record Unlawful Debt Collection Practices" [Docket No. 19], "Take Judicial Notice Petition to Correct

---

[7](...continued)
failure to state a claim upon which relief can be granted. In other words, Lovaas essentially argued that, because Friend did not adequately plead his federal claims, this Court does not have jurisdiction over those claims.

Obviously, though, this Court has jurisdiction to determine whether Friend has properly pleaded claims under federal statutes. Friend's failure to adequately plead his federal claims does not mean that his complaint must be dismissed for lack of jurisdiction, but rather that his complaint must be dismissed under Rule 12(b)(6).

and Amend Court Jurisdiction and Venue Transfer to Cure of Jurisdiction" [Docket Nos. 32 and 33] — are DENIED.

4. The Clerk of the Court is directed to change the name "Lovass" to "Lovaas" in the docket of this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 14, 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge